```
JACKSON THOMAS
2509 S. Sultana Ave.
Ontario, CA 91761
714-707-2005
No Fax
No Email
Defendant In Pro Per
```

FILED
2017 SEP -8 AM 9:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEL SOL, LLC

   Plaintiff(s),

VS.

ABEL GONZALEZ, DOES 1-10

   Defendant(s).

Case No.: ED CV17-01823 JGB (SHKx)

NOTICE OF REMOVAL UNDER
[28 USC 1332, 1391, 1441, 1446
(6)]
Calif. CCP 430.90]

From The SUPERIOR COURT OF
CALIFORNIA
Case No. UDFS1705607

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendants, JACKSON THOMAS are those parties in a California State Court filed in San Bernardino County Superior Court, concerning real property located at 2509 S. Sultana Ave., Ontario, CA 91761 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

COMPLAINT REMOVING TO FEDERAL COURT- 1

1  4. Plaintiff is self-represented in the State Court action as
2  follows:

3
4              LAW OFFICES OF STIRLING J. HOPSON
                     STIRLING J. HOPSON
5              411 W. Lambert Rd., Suite 402
                     Brea, CA 92821
6                  TEL.: 714-257-3500
7
8
9  **Federal Question**
10
11 5. Plaintiff has actually filed a Federal Question action in
12 State Court, for which the State Court Action is removed under
13 28 U.S.C. 1441 et seq. and *Hunter v. Philip Morris USA*, 582 F.3d 1039,
14 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.
15 6. New federal legislation effective May 21, 2009, as amended in
16 July, 2010, as Public Law 111-203, the "Protecting Tenants at
17 Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA"
18 preempted State Law as to bona fide Residential tenants of
19 foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132,
20 142-43 (1963) (concept of limited preemption)]
21    a. Whereas under California Law, a foreclosure automatically
22    terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.*
23    (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA
24    makes the purchaser at the foreclosure sale subject to the
25    rights of the existing bonafide tenants. The tenancy is
26    protected by federal law.
27    b. Whereas under California, a foreclosure eviction may be
28    filed as to any such tenant on more 60 days' notice of

termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior

, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if
   (1) the federal issues are essential to the claims,
   (2) there is a substantial federal issues in resolving such issues, and
   (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534

(2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are satisfied:

   a. Defendant JACKSON THOMAS is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

   b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

   c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

   d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised,

Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, JACKSON THOMAS is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

Date: September 8, 2017

_Jackson Thomas_

JACKSON THOMAS, IN PRO PER

COMPLAINT REMOVING TO FEDERAL COURT- 7

# Exhibit "A"

JACKSON THOMAS
2509 S. Sultana Ave.
Ontario, CA 91761
No Phone
No Fax
No Email
Defendant In Pro Per

SUPERIOR COURT, STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

DEL SOL, LLC

Plaintiff(s),

VS.

ABEL GONZALEZ, DOES 1-10

Defendant(s).

Case No.: UDFS1705607

DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE TAKE NOTICE that defendant, JACKSON THOMAS, today filed in the office of clerk of the United States District court for the Eastern District of California, a Notice and Petition removing the above-captioned pending action to The United States District Court.

FEDERAL CASE# ED CV17-01823 JGB(SHKx)

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice **"shall effect the removal and The State Court shall proceed no further unless and until the case is remanded"** by the United States Court for The Eastern District of California.

Date: September 8, 2017

Jackson Thomas
JACKSON THOMAS, In Pro Per

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 09/08/2017, he served a copy of:

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Spring Valley, California.

```
LAW OFFICES OF STIRLING J. HOPSON
        STIRLING J. HOPSON
    411 W. Lambert Rd., Suite 402
           Brea, CA 92821
        TEL.: 714-257-3500
```

*Fabian Rodriguez* (signature)

Fabian Rodriguez

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
FONTANA DISTRICT

AUG 10 2017

BY_____
ANGELINA NEWTON, DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Abel Gonzalez,
Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Del Sol, LLC

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

**CASE NUMBER:** UDFS1705607
**(Número del caso):**

1. The name and address of the court is:
(El nombre y dirección de la corte es):

Superior Court of California, San Bernardino County
17780 Arrow Hwy.
Fontana, CA 92335           Fontana Courthouse

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Stirling J. Hopson                   Law Offices of Stirling J. Hopson
411 W. Lambert Rd., Suite 402        (714) 257-3500
Brea, CA 92821

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: AUG 10 2017          Clerk, by ANGELINA NEWTON, Deputy
(Fecha)                    (Secretario)                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as an occupant
   d. ☐ on behalf of (specify):
      under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)              ☐ other (specify):
5. ☐ by personal delivery on (date):

[SEAL]

COPY

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

SBDO Fontana

11

Law Office of Stirling J. Hopson
Stirling J. Hopson SBN 158540
411 W. Lambert Rd., # 402
Brea, CA 92821
714-257-3500  Fax 714-257-3503
Shopson651@aol.com
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
FONTANA DISTRICT

AUG 10 2017

BY_____
ANGELINA NEWTON, DEPUTY

SUPERIOR COURT OF CALIFORNIA

SAN BERNARDINO COUNTY – FONTANA DISTRICT

| | |
|---|---|
| DEL SOL, LLC <br><br> Plaintiff <br> Vs. <br> ABEL GONZALEZ <br> DOES 1-10 <br><br> Defendants | Case No. UDFS1705607 <br><br> COMPLAINT FOR UNLAWFUL DETAINER <br> (Limited Civil, under 10,000.00 <br><br> [C.C.P. 1161 (A)] |

Plaintiff alleges as follows:

1. At all times mentioned herein, Plaintiff was and is an Entity domiciled within the jurisdiction of this Court. Plaintiff is informed and alleges that **Abel Gonzalez** is an individual residing within the jurisdiction of this court in possession of property located at **2509 S. Sultana Ave., Ontario, CA 91761**, which is in San Bernardino County and within the jurisdiction of this court. This cause of action involves a dispute regarding the possession of the real property located within the jurisdiction of this court. Plaintiff reserves the right to seek leave of court to amend this complaint to allege the true names of the Defendants when the identity of the Defendants is known. This right may be asserted even upon verbal motion at the time of and during the trial of this matter.

COMPLAINT FOR UNLAWFUL DETAINER - 1

2. The true names and capacities of Defendants Does 1-10, inclusive are unknown to plaintiff who therefore sues said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of court to amend this complaint when said true names and capacities have been ascertained.

3. At all times mentioned herein, each of the Defendants, including those sued as Doe's herein, was the agent of the other remaining Defendants and in doing the things herein mentioned were acting within the scope of such agency of each other. Defendant is the former owner of the property and the party who lost the title and ownership of the property via a foreclosure action. Plaintiff is a bonafide purchaser.

4. Plaintiff became the owner of the premises located at **2509 S. Sultana Ave., Ontario, CA 91761** (hereinafter referred to as "premises") via a trustee's sale deed. Defendant has occupied the premises since the property was sold to Plaintiff on or about Jul. 24, 2017. Plaintiff has every right to believe that the sale was conducted in accordance with any and all applicable laws of the State of California including Civil Code 2924. The legal description of the property is: SEE ATTACHED EXHIBIT

5. On or about Aug. 3, 2017, Plaintiff caused to be served upon the Defendant, a notice to quit the premises. The notice expired on Aug. 7, 2017. Defendant failed to vacate or adhere to the terms of the notice within the time period stated on the notice. The Defendant is the former owner of the premises. The notice was accompanied by a Cover Sheet as described in CCP 1161c.

6. The aforementioned notice was served on Aug. 3, 2017 by posting a copy of the notice on the premises in a conspicuous place and thereafter mailing a copy, regular USPS first class mail, to the Defendant. Attempts for personal service were unsuccessful. Since the date of the expiration of the notice, the Defendant has failed to vacate and has ignored the notice. (Copy of notice is attached hereto). Such unlawful detainer has deprived the Plaintiff of the possession of the premises.

7. Defendant remains in possession of the premises without the consent of the Plaintiff up to and including the date of the verification of this complaint and Defendant threatens to remain permanently in possession of the premises until being lawfully removed.

8. The reasonable value of the premises is and at all relevant times has been at least $50.00 per day. Damages have accrued at that daily rate since the date of the expiration of the notice.

WHEREFORE, plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For possession of the premises.
2. For damages of $100.00 for each day Defendant has continued in possession of the premises beginning on Aug. 8, 2017 according to proof at trial.
3. For costs of suit.
4. For such other relief as the court may deem just, fair and proper.

Dated: Aug. 8, 2017

/s/

Stirling J. Hopson, attorney for Plaintiff

Attachments (4 Items)

Verification

Copy of deed after sale (includes legal description)

Copy of notice to vacate

Copy of proof of service of notice

COMPLAINT FOR UNLAWFUL DETAINER - 3